UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTHONY WADE ELDRIDGE,               )
                                      )
        Plaintiff,                    )
                                      )    No.:  3:19-CV-128-CLC-DCP
v.                                    )
                                      )
BOB BROOKS, STEVE ELLIS, AND          )
MARK ELLIS,                           )
                                      )
        Defendant.                    )

## MEMORANDUM OPINION

Plaintiff, a former prisoner of the Tennessee Department of Correction, filed a complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 in which he claims that he served an extra ten months in jail due to Defendants' failure to ensure that Plaintiff received credit for time that he had previously served and/or jail credits that he had earned in jail [Doc. 2]. In accordance with the Court's previous order [Doc. 5], Plaintiff has now filed a signed copy of his complaint [Doc. 6]. Accordingly, this matter is now before the Court for screening of the amended complaint pursuant to the Prison Litigation Reform Act ("PLRA").

   I.   **SCREENING STANDARD**

While Plaintiff was not a prisoner when he filed his complaint, the Court still must screen his complaint and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule

12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). As such, formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681.

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). Also, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. LEGAL ANALYSIS

In his complaint, Plaintiff alleges that the former sheriff made him trustee at the jail on June 26, 2018, and that when the new sheriff, Defendant Sheriff Brooks, took over, he hired a new jail administrator, Defendant Steve Ellis, and a new assistant jail administrator, Defendant Mark Ellis, who is Defendant Steve Ellis's son [Doc. 6 pp. 3–4]. Plaintiff states that after this new hiring occurred, he asked to turn in his "old time" he had done on his two-year sentence and Defendant Steve Ellis said that he would look into it, but did not do so, nor did he hire a felony timekeeper [*Id.* at 4]. Plaintiff asserts that Defendant Steve Ellis had other individuals sending in "trustee time" for him and that Plaintiff told Defendant Steve Ellis that he was past his release date [*Id.*]. Plaintiff ultimately states that he served an extra ten months of jail time due to these acts or omissions [*Id.*]. As relief, Plaintiff seeks settlement of this case due to the mental stress he suffered [*Id.* at 5].

Plaintiff's claim that he served an extra ten months in jail relates directly to the duration of his former confinement. This claim cannot be entertained in this civil action filed under § 1983, however, unless Plaintiff's confinement or underlying conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that if a judgment for the plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). As nothing in the complaint suggests that Plaintiff's sentence or conviction was invalidated in any way, the complaint fails to state a claim under § 1983.

## IV. CONCLUSION

For the reasons set forth above, even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**